# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TIJON COX,

    Plaintiff,

v.                                   Civil Case No. RDB-12-3208

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff TiJon Cox filed an action *pro se* under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against the Social Security Administration ("SSA"). The SSA has filed a motion to dismiss for lack of subject matter jurisdiction ("motion") pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that: (a) Mr. Cox's FTCA claim is barred by the language of the Social Security Act, 42 U.S.C. § 405, and (b) Mr. Cox failed to exhaust his administrative remedies prior to filing his complaint.[1] [ECF No. 8-1]. I have considered that motion and Plaintiff's Opposition thereto [ECF No. 10]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, I recommend that the SSA's motion to dismiss be granted.

**I.**     **Facts**

In April 2009, Mr. Cox filed for disability benefits with the SSA. [ECF No. 8-2, at 2]. His claim was denied initially on September 3, 2009, and on reconsideration on October 20, 2009. *Id.* at 8. Mr. Cox then filed a written request for a hearing on October 29, 2009, which

---

[1] Judge Bennett has referred this motion to me for Report and Recommendation. [ECF No. 11].

was scheduled for December 17, 2009. *Id.* Mr. Cox did not appear at the December, 2009 hearing. *Id.* A subsequent notice of hearing was sent to Mr. Cox on January 26, 2010, notifying him that a new hearing had been scheduled for him on March 25, 2010. *Id.* Again, Mr. Cox did not appear for the hearing. *Id.* He later agreed to a telephonic hearing on May 5, 2010, but ultimately decided not to participate, and asked for a decision based on the record. *Id.* On May 6, 2010, the Administrative Law Judge ("ALJ") found that Mr. Cox was not disabled and denied his application. *Id.* at 12. On April 18, 2011, the Appeals Council vacated and remanded the ALJ's decision for rehearing.[2] *Id.* at 14-16.

A new Notice of Hearing was mailed to Mr. Cox on June 6, 2012, advising him of the time and place of the hearing and explaining the procedures for requesting any changes. *Id.* at 20. The Notice also included a reminder that his failure to appear at the hearing without good cause could result in a dismissal of his request. *Id.* When Mr. Cox did not return the enclosed Acknowledgement of Receipt of the Notice, the Hearing Office mailed him another reminder on June 27, 2012. *Id.* Mr. Cox did not appear at the hearing, and did not respond to the Notice to Show Cause for Failure to Appear that was sent to him on July 11, 2012. *Id.* at 20-21. The ALJ found that there was no good cause for Mr. Cox's failure to appear, and accordingly dismissed his hearing request on July 25, 2012, pursuant to 20 C.F.R. § 416.1457(b)(1)(i). *Id.* at 21. The Appeals Council then denied Mr. Cox's request for review because Mr. Cox failed to "provide a basis for changing the [ALJ]'s dismissal." *Id.* at 22. Mr. Cox filed the instant lawsuit on November 1, 2012. [ECF No. 1].

---

[2] Mr. Cox filed a first complaint in this Court on October 24, 2011, which was dismissed by Judge Legg for lack of subject matter jurisdiction on March 22, 2012. At that time, the Appeals Council had remanded Mr. Cox's case to the ALJ, and it had not yet been scheduled for rehearing. Judge Legg held that Mr. Cox's complaint impermissibly "leapfrogged over the administrative track into federal court." *See Cox v. Social Sec. Admin.*, Civil No. L-11-3034, 2012 WL 7870172, at *2 (D. Md. Mar. 22, 2012).

## II. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

## III. Discussion

The SSA first argues that Mr. Cox's complaint should be dismissed because it is barred by the Social Security Act's exclusive remedy provision. The rule of sovereign immunity protects the federal government and its agencies from being sued, absent an express waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 471 (1994). The FTCA waives the government's sovereign immunity when an individual sues the United States for personal injury caused by the alleged negligence or wrongful conduct of one of its employees. 28 U.S.C. § 1346(b)(1). The Social Security Act, however, contains an exclusive remedy provision that expressly bars claimants from bringing FTCA actions relating to Social Security claims. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); *see also Hronek v. Sec'y, Dep't of Health*, No. Civ.A.CCB-003-330, 2003 WL 24026306 at *2 (D. Md. July 7, 2003) ("Although the FTCA

is the exclusive remedy for tort claims against the federal government and its agencies, jurisdiction under the FTCA is barred, pursuant to the exclusive remedy provision of the Social Security Act, for cases arising under the Social Security Act.").

In the instant case, Mr. Cox is barred from bringing a claim under the FTCA. However, Mr. Cox's claims are entitled to liberal construction due to his *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint should be evaluated "less stringently" than formal pleadings drafted by lawyers). In his Opposition, Mr. Cox asserts that he "filed an action for SSI payments not F.T.C.A." Opp'n 1. This language demonstrates Mr. Cox's acknowledgement of Judge Legg's prior ruling that he cannot bring an FTCA claim against the SSA, and can be viewed as an attempt to clarify his complaint. *See Cox*, 2012 WL 7870172 at *2. Therefore, reading his complaint liberally, I will treat Mr. Cox's complaint as one seeking judicial review of an agency decision under the Social Security Act.

The SSA next argues that this Court does not have jurisdiction over Mr. Cox's claim because he failed to exhaust administrative remedies and is not appealing from a final order. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after he has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . ." 42 U.S.C. § 405(g). The ALJ dismissed Mr. Cox's claim pursuant to 20 C.F.R. § 416.1457(b)(1)(i), which allows an ALJ to dismiss a claim if the claimant fails to appear for his hearing. This Court must determine

whether the Appeals Council's decision to uphold the ALJ's dismissal constitutes a "final decision" that may be reviewed in federal court.

The Fourth Circuit has considered a similar issue. In *Adams*, the Fourth Circuit held that an Appeals Council's refusal to review an ALJ's dismissal of an untimely request for review did not constitute a final decision that would confer jurisdiction upon the district court because the claimant, in failing to properly request review of his case, had failed to exhaust his administrative remedies. *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). The court reasoned that "[s]uch action does not address the merits of the claim, and thus cannot be considered appealable." *Id.* (citing *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985)).[3] Moreover, the Fifth Circuit has ruled on an analogous set of facts to those presented here, and held that federal courts do not have jurisdiction over an appeal from an Appeals Council decision to uphold an ALJ's dismissal of a request for a hearing, where dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555, 558-59 (5th Cir. 1992). The court reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction." *Id.* at 562; *see Estate of Lego v. Leavitt*, 244 Fed. Appx. 227, 232 (10th Cir. 2007) (holding that "district courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457."). Because Mr. Cox's claim was dismissed due to his failure to appear at his hearing, this Court lacks jurisdiction to hear his claim.

Finally, within his argument of negligence, Mr. Cox asserts in his complaint that the SSA "[v]iolated his Fifth Amendment" rights. Pl. Compl. 1. Construing his complaint liberally, this language appears to assert a possible constitutional challenge. In *Sanders*, the Court ruled that

---

[3] Others courts have held that federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing because the claimant cannot meet the "after a hearing" requirement. *Nelson v. Barnhart*, No. Civ.A. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003). Mr. Cox's claim was dismissed without a hearing, and therefore, his claim also fails to meet the "after a hearing" requirement of 42 U.S.C. § 405(g).

the exhaustion doctrine does not apply when a plaintiff raises a "colorable constitutional claim" that is not immaterial or frivolous, such as failure to be given notice or an opportunity to be heard. *Sanders*, 430 U.S. at 109. Here, Mr. Cox has not shown that his due process rights have been violated and has failed to allege facts that specifically support his conclusory statement. He has not alleged, for instance, that he did not receive notice of the consequences if he failed to appear, or that the ALJ failed to make a good cause finding.[4] Thus, even construed liberally, Mr. Cox's complaint cannot be framed as a constitutional challenge because he has not provided evidence to sustain such a claim.

For the foregoing reasons, I recommend that the Commissioner's motion to dismiss [ECF No. 8-1] be granted. I direct the Clerk to mail a copy of this Report and Recommendation to Plaintiff at the address listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: July 10, 2013

/s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[4] The address used by the SSA to mail notices to Mr. Cox is the address he listed in filing his complaint in this Court.